# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER JOHN BRUMBAUGH,** | : | |
| Plaintiff | : | **CIVIL ACTION NO. 3:16-1321** |
| v. | : | **(JUDGE MANNION)** |
| **NANCY A. BERRYHILL,** Acting Commissioner of Social Security | : : | |
| Defendant | : | |

## MEMORANDUM

Pending before the court is the March 25, 2019 report of Judge Gerald B. Cohn, which recommends that the plaintiff's complaint challenging the final decision of the Commissioner denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, (Doc. 1), 42 U.S.C. §§401-433, 1381-1383f, be denied, and that the decision of the Commissioner be affirmed. (Doc. 19). Judge Cohn reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claims for DIB and SSI. The court has jurisdiction over this appeal pursuant to 42 U.S.C. §1383(c)(3). The plaintiff filed objections to Judge Cohn's report.[1] (Doc. 20). The Commissioner filed a response to the plaintiff's objections. (Doc. 21).

---

[1] The court notes that since Judge Cohn stated the full procedural history of this case in his report and since plaintiff did not object to it, the court will not repeat it herein.

For the following reasons, the report and recommendation will be **ADOPTED** and the plaintiff's appeal will be **DENIED**.

I.   **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

Recently, the Supreme Court in Biestek v. Berryhill, —U.S.—, 139 S.Ct. 1148, 1154 (2019), stated that "the threshold for [ ] evidentiary sufficiency [substantial-evidence standard] is not high." "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (citation omitted).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

3

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II. RELEVANT MEDICAL EVIDENCE[2]

Judge Cohn's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The plaintiff did not file any objections to Judge Cohn's report with respect to his medical history, so it will be adopted. *See* Butterfield v. Astrue,

---

[2]The plaintiff's prior appeal of the Commissioner's decision denying his instant application for DIB was granted to the extent that his case was remanded because the court found the ALJ's credibility determination was not supported by substantial evidence. *See* Brumbaugh v. Colvin, 2014 WL 5325346 (M.D.Pa. Oct. 20, 2014). The court's prior decision also contains a discussion of the plaintiff's complete medical history regarding his August 18, 2011 DIB application and his first ALJ hearing, and it will not be repeated herein. After the case was remanded, the plaintiff filed his SSI application on April 18, 2014, and a supplemental ALJ hearing was held on November 12, 2015.

4

2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, and the findings of the ALJ at each step is in the record, the court incorporates by reference these portions of the R&R and the ALJ's decision.

## III.  DISCUSSION

The plaintiff alleged an onset disability date of April 29, 2011. The ALJ found that the plaintiff was not disabled regarding both his DIB application filed on August 18, 2011, and his SSI application filed on April 18, 2014. (Tr. 315-337). The plaintiff's date of last insured under the Act is December 31, 2016.

The plaintiff raises two objections to the R&R claiming that Judge Cohn erred in his report with respect to his findings about the decision of the Administrative Law Judge ("ALJ"), namely: (1) the judge erred in finding that the ALJ correctly evaluated the opinions and functional assessments of plaintiff's treating physicians and the consulting examiner; and (2) the judge erred in finding that the ALJ correctly assessed plaintiff's credibility. There are the same two issues which the plaintiff raised in his instant appeal regarding

5

alleged errors by the ALJ.³

Initially, the Commissioner's response to the plaintiff's objections states that plaintiff's objections should be denied since they merely rehash the identical issues and arguments he raised in his initial brief and, cites a case which held that "objections which merely rehash arguments presented to and considered by a magistrate judge are not entitled to de novo review." (citations omitted). However, the Third Circuit in Brown v. Astrue, 649 F.3d 193, 195 (3d. Cir. 2011), stated that "§636(b)(1) requires district courts to review [ ] objections de novo unless the objection is 'not timely or not specific'", and that "any appeal to a district court based on an objection to a Magistrate Judge's order will 'rehash arguments presented to and considered by' the Magistrate Judge." (citations omitted). The Court then stated, "That is—by definition—the very nature of 'review.'" Id. *See also* Rodriguez v. Colvin, 2018 WL 1474073, *6 (E.D.Pa. March 23, 2018).

Here, the plaintiff filed timely and specific objections to Judge Cohn's report. Thus, the court will conduct a de novo review of the record.

The court has considered the R&R and the plaintiff's objections to it. The plaintiff contends that the ALJ should have given greater weight to the opinions of his treating physicians and the consulting examiner. Upon de novo

---

³In his report, Judge Cohn specified the ALJ's findings which plaintiff challenged in his briefs as well as his (Judge Cohn's) reasoning for finding that substantial evidence supported the ALJ's findings. As such, the court does not repeat these discussions herein. Also, the opinions of plaintiff's treating physicians are discussed in the court's prior decision. *See* Brumbaugh v. Colvin, 2014 WL 5325346 (M.D.Pa. Oct. 20, 2014).

6

review of plaintiff's first objection, the court finds that Judge Cohn correctly found that the ALJ did not err in evaluating the opinions of plaintiff's two treating physicians, Dr. Herberg and Dr. Conley, as well as the consulting examiner Dr. Magurno, and in affording little weight to these opinions.

"[T]he treating physician's rule entitles the opinion of a treating physician to controlling weight, absent significant evidence inconsistent with that opinion." Rodriguez v. Colvin, 2018 WL 1474073, *7 (E.D.Pa. March 23, 2018) (citations omitted). The record, as discussed in detail by Judge Cohn, supports the ALJ's findings and the little weight she afforded to Dr. Herberg's opinions regarding the plaintiff's functional limitations and his findings in a functional capacity questionnaire which would "contemplate someone who could not sustain even sedentary work of a sustained basis." Additionally, Judge Cohn found that the ALJ's determination that the plaintiff had the RFC to perform light work was supported by the medical evidence, including the opinion of the state agency non-examining medical consultant, Dr. Bohn, to which the ALJ afforded greater weight. No doubt that "the opinions of non-examining physicians can override a treating source's opinions, provided that the former are supported by evidence in the record." Rodriguez, 2018 WL 1474073, *7 (citations omitted). Thus, if "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). *See also* Diaz v. Commissioner, 577 F.3d 500, 505-06 (3d Cir. 2009) ("In evaluating

medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another.") (citation omitted).

Judge Cohn also discusses how the record supports the ALJ's decision as to the little weight she afforded to Dr. Magurno's opinions regarding the extent of the plaintiff's limitations based on his one-time examination of the plaintiff. The ALJ did however include some of Dr. Magurno's limitations which were supported by the record in the plaintiff's residual functional capacity ("RFC"). However, the ALJ found that the plaintiff had the RFC to perform a range of light work with restrictions. (Tr. 335).

Further, the ALJ reviewed the opinions of Dr. Conley and his findings in a functional capacity questionnaire regarding the extent of the plaintiff's limitations and stated that "[t]he exertional limitations alone contemplate and opine a significantly less than sedentary capacity." The medical record discussed in the ALJ's decision supports her assessment of the weight she gave to Dr. Conley's opinions.

As such, the ALJ properly evaluated the opinions Dr. Herberg and Dr. Conley's, as well as Dr. Magurno's opinions, and explained how they were not supported by the record. Further, despite the questionnaires completed by plaintiff's two treating doctors indicating that plaintiff could not work, the finding of whether the plaintiff is disabled or unable to work is reserved for the Commissioner. *See* Zonak v. Comm'r of Social Sec., 290 Fed.Appx. 493, 497 (3d Cir. 2008).

Judge Cohn applied the proper case law and regulations to the ALJ's

findings regarding the opinions of Dr. Herberg, Dr. Conley, and Dr. Magurno, and concluded that substantial evidence supported the ALJ's determinations. In short, Judge Cohn found that the ALJ correctly decided that the record did not support all of the limitations which these doctors opined plaintiff had. The court concurs with Judge Cohn and his finding that the ALJ gave a thorough explanation in assigning the limited partial weight to the stated opinions. *See* Fullen v. Comm'r of Soc. Sec., 705 Fed.Appx. 121, 125 (3d Cir. 2017) (Third Circuit stated that "*Morales v. Apfel* requires that 'the ALJ accord treating physicians' reports great weight,' but there is no requirement to accept those opinions if they are not supported by sufficient evidence in the record."); Myers v. Barnhart, 57 Fed.Appx. 990, 996 (3d Cir. 2003) ("[A]n ALJ can choose to accept the findings of evaluating, non-examining state agency physicians over the opinions of treating physicians where the treating physicians' opinions were 'conclusory and unsupported by the medical evidence' and contradictory to other medical evidence of record.") (citation omitted).

Thus, the court finds that Judge Cohn correctly found that substantial evidence supported the ALJ's finding with respect to the weight she gave to the opinions of Dr. Herberg, Dr. Conley, and Dr. Magurno. Further, substantial evidence supports the ALJ's finding that the plaintiff had the RFC to perform a range of light work. As such, plaintiff's first objection to Judge Cohn's report will be overruled.

Secondly, the plaintiff argues that Judge Cohn erred when he found that

the ALJ properly assessed his credibility. The plaintiff also argues that "the ALJ completed the same analysis rejected by this court in its October 20, 2014 decision."

The plaintiff testified at the supplemental hearing before the ALJ. (Tr. 330-32). The ALJ also incorporated by reference the plaintiff's testimony at his prior hearing. *See* Brumbaugh v. Colvin, 2014 WL 5325346, \*16-\*17. The ALJ found that the plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible based on consideration of the entire record. (Tr. 331). The ALJ then discussed the medical evidence in the record and explained how it did not fully support the degree of the limitations plaintiff alleged, including his alleged significant limitations in his daily living.

The court finds that the ALJ discussed how the medical evidence in the record did not support the extent of the limitations which the plaintiff alleged he had and why she only gave plaintiff's testimony limited credibility.

The plaintiff contends that the ALJ once again erred by relying upon his receipt of unemployment benefits and mischaracterized his level of activity and treatment history in assessing his credibility. In considering the plaintiff's testimony at the supplemental hearing, (Tr. 332), the ALJ stated:

> The claimant's testimony at the second hearing is a bit confusing because the claimant, ..., he claims he has not worked since his last employment in 2011. However, the updated records now showed he reported to the doctors that he was working cutting trees around power lines and suffered a head contusion and

10

electric shock in July 2013 for which he received emergency room treatment (Exs. 19F, 20F, and 35F). There is no evidence of work activity on his earnings record; however, the engagement in this type of physical activity, regardless of whether it is considered "work activity[,]" is along clearly inconsistent with his alleged level of incapacity. Despite his purported limitations, the claimant takes medications and has routine follow up with his medical providers. He testified that the medication work[s] to an extent and cause no side effects.

Judge Cohn considered the plaintiff's arguments (which are the same arguments raised in his objections) regarding the ALJ's alleged errors in assessing his credibility, (Doc. 19 at 13-14), and explained:

> In this case, the ALJ noted: (1) diagnostic imaging and EMO testing revealed no cervical or lumbar radiculopathy (Tr. 332, citing Exhibits 1F, 4F, 7F, 16F, 2 I F, 22F, and 28F); (2) treatment records failed to document significantly abnormal objective deficits (Tr. 332, citing Exhibits 5F-7F, 9F,10F, 12F-16F, 20F-22F, 24F, 26F-28F, 29F, 33F-39F); (3) Plaintiff's longitudinal care was conservative and consisted merely of taking medications and attending routine follow-up visits .with his medical providers (Tr. 332); (4) Plaintiff testified his medication was effective in managing his pain and caused no side effects (Tr. 332); and (5) treatment records failed to show gait deficits, balance problems, or other credible support for Plaintiff's testimony he needed to use a cane. (Tr. 332). The ALJ also relied on the medical evidence showing Plaintiff was hospitalized overnight in July 2013 after he was electrocuted and fell six feet while he was cutting down trees. (Tr. 326, citing Exhibits 19F and 20F). The ALJ noted Plaintiff's ability to engage in the physically-demanding activity of cutting down trees near power lines seriously undermined his allegations of disabling limitations since May 2011. (Tr. 317, 332). The ALJ further found it notable Plaintiff applied for and received unemployment compensation benefits, thereby certifying to the Commonwealth of Pennsylvania Plaintiff was ready, willing, and able to work. (Tr. 318-19). In light of this evidence, the ALJ reasonably found Plaintiff's testimony was only partially credible because it conflicted with the medical record.

Based on the stated record, the court finds that the ALJ properly

11

considered plaintiff's credibility, as well as his receipt of unemployment benefits, and that substantial evidence supports the ALJ's determination that the medical evidence did not fully support plaintiff's allegations of disabling limitations. In Myers, 57 Fed.Appx. at 997, the Third Circuit stated that "it was entirely proper for the ALJ to consider that [plaintiff's] receipt of unemployment benefits was inconsistent with a claim of disability during the same period." (citing Johnson v. Chater, 108 F.3d 178, 180 (8th Cir.1997) (application for unemployment compensation benefits can adversely affect a claimant's credibility because of admission of ability to work required for unemployment benefits)). Further, as in the *Myers*' case, *id.*, "it is clear [in our case] that receipt of unemployment benefits was not the only reason for the ALJ's credibility assessment [with respect to the plaintiff]", and that the ALJ considered the totality of the circumstances in assessing the significance of the plaintiff's application for unemployment benefits. *See* Varano v. Colvin, 2015 WL 5923615, *10 (M.D.Pa. Oct. 9, 2015) ("the ALJ's reliance on [plaintiff's] receipt of unemployment compensation ..., is a proper reason to reject her credibility, particularly when it was only one of several factors that suggested she was less than fully credible.") (citing Myers, 57 Fed.Appx. at 997).

Thus, the ALJ corrected the deficiencies found by the court in plaintiff's prior case and properly assessed plaintiff's statements regarding his symptoms and, substantial evidence supports her decision finding that his testimony was not entirely credible. *See* Pacifico v. Colvin, 2015 WL 5695271,

*12 (M.D.Pa. Sept. 28, 2015) ("An ALJ may reject a claimant's subjective testimony that is not found credible so long as there is an explanation for the rejection of the testimony."). Therefore, plaintiff's second objection will be overruled.

Accordingly, both of the plaintiff's objections, (Doc. 20), to Judge Cohn's report, (Doc. 19), will be overruled, and the report will be adopted in its entirety.

### III. CONCLUSION

In light of the foregoing, Judge Cohn's report and recommendation, (Doc. 19), is **ADOPTED**, and plaintiff's objections, (Doc. 20), are **OVERRULED**. Further, the plaintiff's appeal, (Doc. 1), of the Commissioner's decision denying his applications for DIB and SSI is **DENIED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 23, 2019**

16-1321-01.wpd